## Sulzer's Estate

*G. Von Phul Jones,* for exceptants.

*Isaac S. Grossman,* contra.

SINKLER, J., March 27, 1936.—Exceptions to the adjudication were filed on November 10, 1934, by a life tenant, Fred A. Sulzer, and Raymond W. Sulzer and Mildred L. Shivers, remaindermen. On November 23, 1934, exceptions were filed by the two trustees, the ac-

countants. On December 28, 1934, in an opinion by Sinkler, J., all exceptions were dismissed, those filed by the accountant for failure to prosecute, and those filed by the life tenant and remaindermen, for the reasons set forth in the opinion. On February 29, 1936, sur petition of G. Von Phul Jones, as attorney for the petitioners, a decree was entered ordering that the petitioners have leave to amend their exceptions to the adjudication, as set forth in the petition, and further ordering that a reargument be had before the court in banc upon the exceptions to the adjudication, as amended. On March 16, 1936, argument was heard and briefs were filed in support of the exceptions and against them.

The chief contention by the exceptants is based upon their construction of item 5 of the will. It is contended that the first sentence authorized the accountants in their discretion to continue the business in which the testator was engaged, and that authority to advance funds from the corpus of the trust estate to the business was conferred thereby. It is further argued that the remaining part of item 5 conferred additional authority upon the accountants to use the income for the specified purposes. The auditing judge construed item 5 as a whole and correctly held that the authority conferred upon the trustees to make advances for the operation of the business was limited to the income.

If the only power given the trustees were that contained in the first sentence of item 5, it is at least doubtful whether the trustees were authorized to make advances out of the principal of the estate. The intention of the testator is manifest—that if the trustees in the exercise of their discretion continued the business, it was to be continued only under their entire supervision and management; in other words, he did not desire the business to be continued by the estate under management of any persons other than his trustees.

However the first sentence of item 5 be construed, the auditing judge correctly interpreted the entire item in

determining the authority conferred upon the trustees. We concur in his finding that the trustees were limited in their authority to make advances from the income of the trust estate.

The concluding argument against the exceptions is that the testator's intention as to the management of his trust estate is shown by the provision in item second that the trustee shall keep invested the personal estate in good and substantial securities. This, he argues, under the authority of Plate's Estate, 30 Dist. R. 902, and Curran's Estate, 17 D. & C. 435, means legal investments for trust funds. This argument is not without weight.

The exceptions are dismissed, the adjudication and as well the schedule of distribution are reconfirmed absolutely.